| | |
|---|---|
| CARMEL TERRACE, L.P., <br><br>                                  Plaintiff, <br><br>v. <br><br>JAMES DOWNEY; and DOES 1 to 10, inclusive, <br><br>                                 Defendants. | Case No.: 3:19-cv-02362-WQH-WVG <br><br>**ORDER** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

HAYES, Judge:

    The matter before the Court is Defendant's Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2).

## PROCEDURAL BACKGROUND

    On July 12, 2019, Plaintiff Carmel Terrace, L.P. initiated this action by filing a Complaint in the Superior Court of California for the County of San Diego, assigned case number 37-2019-00036259-CL-UD-CTL, against Defendant James Downey. (ECF No. 1-2 at 7).

    On December 10, 2019, Defendant filed a Notice of Removal. (ECF No. 1). The same day, Defendant filed a Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2).

# DISCUSSION

The court has an independent duty to assess whether federal subject matter jurisdiction exists. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); *accord Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a removed case if it lacks jurisdiction over the matter. *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003); *accord Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The federal removal statute provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," *id.*, and removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first instance'" *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal

law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Placer Dome, Inc.*, 582 F.3d at 1091; *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed. Jurisdiction is based on the complaint as originally filed" *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted). The Supreme Court has held that "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint." *Rivet v. Regions Bank,* 522 U.S. 470, 475 (1998) (citing *Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 14 (1983)). The federal element must be "direct and essential" to the claim, as opposed to "incidental" or "attenuated." *Berg v. Leason,* 32 F.3d 422, 424 (9th Cir. 1994).

Defendant contends that there is "original jurisdiction over the Unlawful Detainer Action because it is a federally related action under the Fair Debt Collections Practices Act." (ECF No. 1 at 2-3). The underlying state action is based upon state law. The only claim Plaintiff asserts is for unlawful detainer. Plaintiff does not state any federal causes of action or prayers for relief. The federal element is not "direct and essential" to the claim and is "incidental" or "attenuated." *See Berg v. Leason,* 32 F.3d 422, 424 (9th Cir. 1994). The Court concludes that the underlying action does not include a federal issue and that removal is not permitted.

# CONCLUSION

IT IS HEREBY ORDERED that this action is REMANDED to the Superior Court for the State of California, County of San Diego, where it was originally filed under case number 37-2019-00036259-CL-UD-CTL.

IT IS FURTHER ORDERED that Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot.

Dated: December 11, 2019

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court